IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                         PLAINTIFF/RESPONDENT

V.                      Criminal No. 11-50101

RYAN CORNELISON                                  DEFENDANT/MOVANT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

On July 6, 2016, the Court entered an order (Doc. 78) holding Defendant's 28 U.S.C. § 2255 motion (Doc. 74) in abeyance pending a ruling by the Eighth Circuit Court of Appeals on his application seeking leave to file a successive § 2255 motion. On April 13, 2017, the Eighth Circuit denied Defendant's application to file a successive petition. (Doc. 80.) A "second or successive" §2255 motion may not be filed absent certification by the Eighth Circuit, authorizing the district court to consider the successive motion. See 28 U.S.C. §2244(b)(3)(a). Accordingly, the undersigned recommends that Defendant's § 2255 motion (Doc. 74) be DENIED and DISMISSED.

An appeal may not be taken in this matter unless the Court issues a certificate of appealability, which shall be issued only if "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(b) & (c)(2). A "substantial showing" is a showing that "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 525 U.S. 834 (1998). The undersigned does not believe that there is any basis for the issuance of a certificate of appealability and, therefore, recommends, that a certificate of appealability be denied.

The parties have fourteen days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. Section 636(b)(1). The failure to file timely written objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.

IT IS SO ORDERED this 26th day of April, 2017.

/s/ Erin L. Wiedemann
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE