IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA             PLAINTIFF

v.             CRIMINAL NO. 11-50101

RYAN CORNELISON             DEFENDANT

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Currently before the undersigned is a *pro se* **Motion for Release from Custody** filed by Defendant on April 23, 2020. (Doc. 88). The undersigned finds that no response is necessary and that the matter is ripe for consideration.

At the conclusion of a jury trial, Defendant was found guilty of the offense of felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Doc. 20, 27). On July 13, 2012, a judgment was entered sentencing the Defendant to 120 months imprisonment, three years supervised release, a fine of $12,500.00, and a $100.00 special assessment. (Doc. 27).

In the motion currently before the Court, the Defendant's request for home confinement appears to be based solely on COVID-19 and the fact that he has an underlying health condition that puts him at a greater risk of contracting the virus. (Doc. 88). Defendant also alleges that he has served over 80% of his sentence; that he has furthered his education while incarcerated; and that he has held a job and made payments toward his fines while incarcerated. Id.

"The Bureau of Prisons shall designate the place of the prisoner's confinement." 18 U.S.C. § 3621(b). The undersigned notes that pursuant to 18 U.S.C. § 3582(c)(1)(A), a district court may modify a convicted defendant's sentence when "extraordinary and compelling reasons warrant

such a reduction." However, a defendant may only move for a reduction under § 3582(c)(1)(A) after he or she "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [after] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." Because it appears that Defendant has not pursued the procedure established by § 3582(c)(1)(A), this Court may not grant a motion to modify the remainder of his sentence to home confinement. See United States v. Clark, No. 17-85-SDD-RLB, 2020 WL 1557397 (M.D. La. Apr. 1, 2020) (denying Defendant's motion seeking home confinement due to COVID-19 pandemic, as the Defendant failed to exhaust BOP remedies, did not present extraordinary and compelling reasons warranting such relief, and there was no evidence that the BOP's plan to address the pandemic was not adequate); United States v. Oliver, No. JKB-16-0485, 2020 WL 1505899 (D. Md. Mar. 27, 2020) (where the defendant failed to pursue his BOP remedies, court was without authority to grant defendant's motion seeking home confinement based on COVID-19 concerns).

Based upon the foregoing, the undersigned recommends **DENYING WITHOUT PREJUDICE Defendant's Motion for Release from Custody. (Doc. 88). The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger** *de novo* **review by the district court.**

Entered this 27th day of April, 2020.

/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE